#### CONSOLIDATED AMUSEMENTS, Inc., v. GOBER, U. S. District Attorney, et al.

District Court, S. D. Florida. October 27, 1927.

No. 374.

Searches and seizures ⟨⟩1—Prize fight films, not sent or received through mails or interstate carrier, held not subject to seizure (18 USCA §§ 405–407).

Act July 31, 1912, §§ 1–3 (18 USCA §§ 405–407), do not authorize seizure of prize fight films not sent or received through the mails or a common carrier in interstate or foreign commerce.

In Equity. Suit by the Consolidated Amusements, Inc., against W. M. Gober, as United States District Attorney, and B. E.

Dyson, as United States Marshal. On motion by complainant for preliminary injunction. Granted.

Hampton, Bull & Pencke, of Tampa, Fla., for plaintiff.

William M. Gober, U. S. Atty., of Tampa, Fla., for defendants.

JONES, District Judge. The plaintiff in this suit has exhibited in this court its sworn bill of complaint, seeking an injunction restraining the defendants, as officers of the United States, from seizing, or attempting to seize, a certain film or motion picture, "known as Tunney-Dempsey Fight," now in possession of the plaintiff and being exhibited by it at its theater, known as the Franklin Theater, in the city of Tampa, Florida.

This hearing is upon a prayer in said bill which seeks a temporary injunction pendente lite. The averments of the bill are to the effect that the plaintiff is engaged in the business of conducting a moving picture theater in the city of Tampa, in the state of Florida; that it is in possession of and is attempting to exhibit in a lawful way the above referred to motion picture; that the defendant Gober is United States district attorney for the Southern district of Florida, and defendant Dyson is United States marshal for said district; that the said United States marshal, acting under instructions from the said United States district attorney, is threatening, or has threatened, to arrest plaintiff's agents and to seize said film or motion picture, in order to prevent plaintiff from exhibiting same; that said motion picture film was not received by the plaintiff through the United States mail, nor by means of a common carrier, but was delivered to and rented to the plaintiff in a lawful way in the city of Jacksonville, in the state of Florida; that said film was not brought into the state of Florida, either by means of any instrumentality of interstate commerce, or by United States mail; that no indictment has been found, or is now existing, against the plaintiff, charging it with any crime under the laws of the United States in connection with the exhibition of said film; that irreparable injury will result to the plaintiff unless said defendants are restrained by this court from seizing the film hereinabove described.

No answer has been filed by the defendants, but the United States attorney appears in his official capacity and resists the issuance of a temporary injunction, on the ground, as stated at the hearing, that an investigation is being made of this matter, and the film in question should be seized and held as evidence, in the event it should develop that a law of the United States has been, or is being, violated.

The statute under which the alleged arrests and seizure are contemplated is the Act of July 31, 1912, c. 263, pars. 1–3, 37 Stat. 240 (18 USCA §§ 405–407), and is as follows:

"*Importation, Shipment, or Sale of Prize Fight Films.* It shall be unlawful for any person to deposit or cause to be deposited in the United States mails for mailing or delivery, or to deposit or cause to be deposited with any express company or other common carrier for carriage, or to send or carry from one state or territory of the United States or the District of Columbia to any other state or territory of the United States or the District of Columbia, or to bring or to cause to be brought into the United States from abroad, any film or other pictorial representation of any prize fight or encounter of pugilists, under whatever name, which is designed to be used or may be used for purposes of public exhibition.

"It shall be unlawful for any person to take or receive from the mails, or any express company or other common carrier, with intent to sell, distribute, circulate, or exhibit any matter or thing herein forbidden to be deposited for mailing, delivery, or carriage in interstate commerce.

"Any person violating any of the provisions of this Act shall for each offense, upon conviction thereof, be fined not more than one thousand dollars or sentenced to imprisonment at hard labor for not more than one year, or both, at the discretion of the court."

This statute was enacted under the broad constitutional powers granted to Congress to establish post offices and post roads and to regulate commerce between the states and foreign countries. Congress has no power to regulate within the states the exhibition of motion pictures, and it has not by this legislation attempted in any way to regulate the presentation of such pictures. To violate this law, it must be shown that the film in question was brought into Florida from some other state or territory of the United States, or the District of Columbia, or some foreign country, or that it had been deposited or caused to be deposited in the United States mails, or with an express company or other common carrier for carriage and delivery, or

that it was brought into the United States from abroad, or that it was received from the mails, or from an express company or other common carrier, with intent to sell, distribute, etc.

The bill of complaint negatives all these acts, and, in view of the fact that the defendants have filed no answer denying these averments of the sworn bill, for the purposes of this hearing said averments are admitted to be true.

It is quite clear, therefore, that no violation of this law of the United States is being committed by this plaintiff, nor even contemplated by it. It is also clear that the seizure of this film by these officers, under the conditions set out in the bill of complaint, would result in irreparable injury to the plaintiff.

It follows, therefore, that plaintiff is entitled to the relief sought, and a temporary injunction, as prayed, will issue.